# EXHIBIT

# 1

1   JURA A. HARTLEY (SBN 242414)
     *jura@hartleylawoffices.com*
2   J. HARTLEY LAW APC
     880 Apollo Street, Suite 334
3   El Segundo, CA 90245
       T: (323) 284-2834
4
     RAHUL SETHI (SBN 238405)
5      *rahulsethi@sethiworks.com*
     SETHI LAW FIRM
6    20 N. Raymond Ave., Suite 350
     Pasadena, CA 91103
7      T: (310) 403-7920
8   Attorneys for Plaintiff, TYONNA TURNER

9

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/20/2023 at 11:59:56 AM**
By: Angela Linhares,
Deputy Clerk

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF ALAMEDA

12   TYONNA TURNER,                    Case No.: **23CV029617**

13                                     **COMPLAINT FOR DAMAGES**
           Plaintiff,
14                                     1.  HOSTILE WORK ENVIRONMENT IN
15   vs.                                   VIOLATION OF GOV'T CODE §
                                           12940(j)(1)
16   TESLA, INC., NESTER DOE, and DOES 2 to   2.  DISCRIMINATION IN VIOLATION OF
17   10, inclusive,                        GOV'T CODE § 12940(a)
                                       3.  RETALIATION IN VIOLATION OF
18         Defendants.                     GOV'T CODE § 12940(h)
                                       4.  FAILURE TO PREVENT IN
19                                         VIOLATION OF GOV'T CODE §
20                                         12940(k)
                                       5.  VIOLATION OF LABOR CODE § 6310
21                                     6.  WRONGFUL TERMINATION IN
22                                         VIOLATION OF PUBLIC POLICY
                                       7.  FAILURE TO PROVIDE WAGES AT
23                                         TERMINATION

24

25                                     **DEMAND FOR JURY TRIAL**

26

27   Plaintiff Tyonna Turner hereby alleges:

28
                                    - 1 -
                            COMPLAINT

## PRELIMINARY FACTS

1.     Plaintiff Tyonna Turner ("Turner" or "Plaintiff") is, and at all relevant times mentioned herein was, an individual residing in Merced County.

2.     Defendant Tesla, Inc., ("Tesla" or "Defendant") is, and at all relevant times mentioned herein, was a corporation formed pursuant to Delaware law. Tesla has a factory located in Hayward, Alameda County.

3.     Defendant Nester Doe ("Nestor") is, and at all relevant times mentioned herein was, an individual residing in Alameda County. Plaintiff will amend the complaint to add Nestor's last name following discovery.

4.     Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 2 through 10, inclusive, and therefore sue said defendants by those fictitious names.  Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this Complaint.

5.     Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners, joint-venturers, joint-employers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

6.     Alameda Superior Court is the proper venue because the claims and injuries occurred in Alameda County.

## GENERAL ALLEGATIONS

7.     On or about November 30, 2020, Tesla hired Turner as a production associate. Turner worked at Tesla's Fremont factory. At all relevant times mentioned herein, Turner ably and competently performed his job duties.

8.     Turner is a young woman; she was 18 when she started working at Tesla.

- 2 -

9.      Turner was sexually harassed during her employment at Tesla. The co-workers at the Fremont factory hit on her persistently, approximately 100 times, making comments about her appearance, inviting her over to their homes, invitations for dinner, invitations to hang out, staring at her, stalking her, making noises at her.

10.     On or about March 2021, Turner complained about the harassment by various co-workers to her supervisor. The supervisor told Turner, "It's hard to find out who people are, but if I can't that just how people are."

11.     On or about January 2022, Nestor, a co-worker, began harassing her. Over the next several months, Nestor made comments about Turner's weight, asked her to come over to his apartment several times, comments about her clothing, his own masculinity, he would follow her around, stalk her, stare at her. The conduct was unwelcome and Turner told him to leave her alone on multiple occasions. Nestor would tell Turner she needed to smile more in response.

12.     On or about September 14, 2022, Turner complained to her supervisors of Nestor's harassment.

13.     During her employment, Turner suffered three separate workplace injuries, including a wrist strain from repetitive motion, a concussion for which she filed a workers' compensation claim, and lastly, on September 14, 2022, when a car backed into her, damaging her right knee and thigh. Turner reported the injury and filled out paperwork relating to the last injury and provided it to her supervisors, Ken Kepplin and Jaime Flores.

14.     That same evening on September 14, 2022, Turner learned Tesla had terminated her employment because she did meet Tesla's integrity standards. On or about October 7, 2022, Tesla finally sent Turner a letter stating her employment had been terminated.

15.     Turner is informed and believes and thereon alleges Tesla discriminated against her on the basis of gender in its alleged enforcement of integrity standards.

16.     Turner is informed and believes and thereon alleges Tesla's decision to terminate her employment for the unlawful reasons stated herein were made by, authorized by, and ratified by officers, directors and managing agents of Tesla.

17.     Turner exhausted her administrative remedies by timely filing a complaint of

- 3 -

COMPLAINT

discrimination with the Civil Rights Department and obtaining a Right-to-Sue notice from the CRD.

## **FIRST CAUSE OF ACTION**
HOSTILE WORK ENVIRONMENT IN VIOLATION OF GOV'T CODE § 12940(j)(1)
(Against All Defendants)

18.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

19.     At all relevant times mentioned herein, Defendant was an employer within the meaning of California's Fair Employment and Housing Act.  Plaintiff was an employee covered and protected under the Act.

20.     Plaintiff was subjected to harassing conduct because of her gender by Nestor and other employees. The harassing conduct was severe or pervasive. A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive or abusive.  Plaintiff considered the environment to be hostile, intimidating, offensive, oppressive or abusive

21.     Defendant employees engaged in the conduct and Defendant knew about the conduct or should have known about the conduct and failed to take immediate and appropriate corrective action.

22.     As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

23.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

## **SECOND CAUSE OF ACTION**
DISCRIMINATION IN VIOLATION OF GOV'T CODE § 12940(a)
(Against All Defendants)

- 4 -

COMPLAINT

24.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

25.     Defendant terminated Plaintiff's, substantially because of Plaintiff's gender.

26.     As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

27.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

## THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF GOV'T CODE § 12940(h)
(Against All Defendants)

28.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

29.     Defendant terminated Plaintiff's employment substantially because she opposed sexual harassment.

30.     As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

31.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

## FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT IN VIOLATION OF GOV'T CODE § 12940(k)
(Against All Defendants)

32.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

- 5 -

33.     Gov't Code § 12940(k) requires employers to take all reasonable steps to prevent harassment, discrimination and retaliation.

34.     Plaintiff was subject to harassment and discrimination during her employment with Defendant.

35.     Defendant failed to take all reasonable steps to prevent harassment and discrimination.

36.     As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

37.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights. Plaintiff seeks reasonable attorneys' fees pursuant to Gov't Code § 12965(b).

### FIFTH CAUSE OF ACTION
VIOLATION OF LABOR CODE § 6310
(Against All Defendants)

38.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

39.     Plaintiff reported workplace injuries. Defendant retaliated against Plaintiff because she reported workplace injuries and terminated Plaintiff's employment.

40.     As a direct and proximate result, Plaintiff suffered economic damages.

41.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum. 12965(b).

### SIXTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(Against All Defendants)

42.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

43.     Defendant terminated Plaintiff's employment substantially because she reported

COMPLAINT

workplace injuries, because she is a woman and in retaliation for opposing sexual harassment, thereby violating the public policies set forth in California's Fair Employment and Housing Act and Labor Code.

44.     As a direct and proximate result, Plaintiff suffered emotional pain and distress, mental anguish, loss of enjoyment of life and economic damages.

45.     Plaintiff seeks compensatory damages in an amount to be proven at trial, but in an amount no less than the jurisdictional minimum.  Pursuant to Civil Code § 3294, Plaintiff seeks exemplary damages against Defendant for its intentional malicious, oppressive, fraudulent conduct in disregard of Plaintiff's rights.

## SEVENTH CAUSE OF ACTION
### FAILURE TO WAGES AT TERMINATION
### (Against All Defendants)

46.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

47.     Defendant did not pay Plaintiff all wages due at separation of her employment.

48.     By failing to timely pay Plaintiff all earned and unpaid wages, including, but not necessarily limited to, all earned and unpaid overtime wages, Defendant violated Labor Code §§ 201-203.

49.     Plaintiff is entitled to statutory penalties stated in Labor Code § 203.  Plaintiff seeks an award of reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages, in an amount to be proven at trial.

2.     For exemplary damages, in an amount to be proven at trial.

3.     Fort statutory penalties.

4.     For statutory attorneys' fees and costs.

- 7 -

COMPLAINT

5.      Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

Dated: March 20, 2023                    J. HARTLEY LAW APC
                                         SETHI LAW FIRM


                                         By  *Rahul Sethi*
                                             Jura A. Hartley
                                             Rahul Sethi
                                             Attorneys for Plaintiff, TYONNA TURNER




**DEMAND FOR JURY TRIAL**

Plaintiff Tyonna Turner hereby demands a trial by jury in this action.

Dated: March 20, 2023                    J. HARTLEY LAW APC
                                         SETHI LAW FIRM


                                         By  *Rahul Sethi*
                                             Jura A. Hartley
                                             Rahul Sethi
                                             Attorneys for Plaintiff, TYONNA TURNER

- 8 -

COMPLAINT